[No. 1568, October 14, 1913.]

STATE OF NEW MEXICO, Appellee, v. PEDRO
ANALLA, Appellant.

SYLLABUS (BY THE COURT)

1. Where appellant relies upon a failure of proof as to
ownership of an alleged stolen animal, it is incumbent upon
him to present a complete transcript of all the evidence ad-
duced in the trial court. Failing to do so, the appellate
court will presume that the facts necessary to support the
verdict were disclosed by evidence not incorporated in the
bill of exception.

P. 296

2. Nothing is to be presumed in aid of an affidavit in sup-
port of a motion for a continuance, and it is incumbent upon
the party applying for a continuance to show the materiality
of the facts which he claims the absent witness will sub-
stantiate.

P. 298

3. In the absence of a showing of abuse of discretion
vested in the trial judge by sec. 12, chapter 116, Session
Laws 1905, the appellate court will not review the action of
the court in returning to the jury box the names of venire-
men, drawn to complete the panel.

P. 298

4. Appellant can not avail himself of alleged errors by
the trial court in giving, or refusing to give, instructions,

State v. Analla, 18 N. M. 294.

where he interposed no objection to the action of the court and failed to save exceptions.

P. 299

Appeal from the District Court of Lincoln County; Edward L. Medler, District Judge; affirmed.

PRICHARD & HOWARD, Santa Fe, N. M., for appellant.

Court erred in not granting a continuance of this cause on the motion and affidavit of the defendant. Territory v. Leary, ...... N. M. 186; Territory v. McFarlane, 7 N. M. 423; Territory v. Yee Dan, 7 N. M. 443; Texas, S. F. & N. Ry. Co. v. Saxon, 7 N. M. 304.

Appellant was entitled to a jury from the vicinage, or the body of the County in which he was tried. Session Laws 1905, ch. 116, sec. 12; Hewitt v. Saginaw, 71 Mich. 287; Houghton Comm. Council v. Huron Copper Co., 57 Mich. 547; Zanone v. State, 97 Tenn. 101.

No proof of ownership of the animal, under the statute, alleged to have been stolen. C. L. 1897, secs. 67 and 107; Territory v. Smith, 12 N. M. 235; Pryor v. Portsmouth Cattle Co., 6 N. M. 52; Territory v. Caldwell, 14 N. M. 535.

Court erred in calling the jury and giving them the instruction as shown on page 15 of the transcript. Territory v. Donahue, 113 Pac. 601, not controlling now and announces a dangerous rule. Dunsmore v. State, 67 Ind. 306.

HARRY S. CLANCY, Assistant Attorney General, Santa Fe, N. M., for appellee.

No error in denying the motion for continuance. 9 Cyc. 202; State v. Cochran, 49 S. W. 562; Hubbard v. State, 7 Ind. 160; Moody v. People, 20 Ill. 315; Steele v. People, 45 Ill. 152; State v. Pagels, 92 Mo. 308, 4 S. W. 931; State v. Mitchell, 98 Mo. 657, 12 S. W. 379; McLean. v. State, 28 Kans. 372; State v. Clark, 37 La. Ann. 128;

State v. Analla, 18 N. M. 294.

Adams v. People, 109 Ill. 444; State v. Kindred, 49 S. W. 845.

No error in empanelling the jury. Laws 1905, ch. 116, sec. 12; Clinton v. Englebrecht, 13 Wall. 434.

No error in the special instruction given by the Court. Territory v. Donahue, 16 N. M. 17.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellant was indicted, tried and convicted in the District Court of Lincoln County of the larceny of a horse. The indictment contained two counts, the first of which alleged ownership of the horse by Esequiel Sandoval, while the second count states the owner of the horse to be "Pablo Fresquez, the legally appointed, qualified and acting guardian of Esequiel Sandoval, a minor, and as such guardian has the care, custody, control and possession of the property of the said Esequiel Sandoval." The first ground urged for a reversal by appellant is, that there was no proof of ownership of the animal alleged to have been stolen, as charged in the indictment. In support of his contention appellant sets out in his brief, portions of the transcript of the evidence which seemingly support his contention. We have gone over the transcript carefully and find that the District Attorney failed to ask the various witnesses who testified in the case the Christian name of the boy who was alleged to be the owner of the horse. He, as did the witnesses, always referred to him as "Mr. Sandoval," or "the Sandoval boy," but while this is true, the evidence clearly shows that the Sandoval referred to was the ward of Pablo Fresquez, and said Fresquez, who testified as a witness, clearly identified the stolen property as belonging to his ward, and the State caused the witness to produce a certified copy of his letters of guardianship of the boy, which were admitted in evidence. It is true the letters do not appear in the transcript of the evidence, but it was incumbent upon the appellant, relying as he does upon a failure of proof, to present a complete and full transcript of all the evidence. Not having done so, the Appellate

State v. Analla, 18 N. M. 294.

Court will presume that the facts necessary to support the verdict were disclosed by the evidence not incorporated in the bill of exceptions.

Appellant moved the Court to grant him a continuance of this cause upon the ground of the absence of a witness, and in support of such motion filed his affidavit, the material portion of which reads as follows:

"That said witness is an important witness for the defendant in this: That if said witness were present he would testify that on the 30th day of November, 1911, he was at the camp of this defendant some few miles north of Tinnie and remained there the whole of said day, that he saw this defendant leave said camp about the hour of 12 M., on said day, and when he left said camp he was riding a sorrel horse and leading a gray horse that belonged to Santiago Lucero, that the witness was familiar with both the horse that this defendant was riding, and the gray horse that the defendant was leading, and knows that the sorrel horse belonged to the defendant and that the gray horse was owned by the said Santiago and has been owned by him for some time heretofore. That said witness, if he were present, would identify said horse which the defendant at this time has in his possession in the town of Carrizozo and is ready and willing to exhibit the same to this Court and could prove by said witness, if he were here, that it is the same identical horse that the defendant led away from said camp on the said 30th day of November, 1911. The witness would further testify, if he were present, that said gray horse was to be delivered by the said defendant at the house of one Felipe Vigil near Tinnie under direction of the said Santiago Lucero as the witness had been advised. Defendant further states that he knows of no other witnesses by whom he can prove the facts above stated, viz., the fact that the defendant left defendant's camp riding said sorrel horse and leading said gray horse, and the further fact that he returned to the said camp on the said day without said gray horse."

Appellant failed to show, in his affidavit, how the above

facts were material, or might become material upon the trial of the case. The witness might have testified to all the facts alleged, and still such testimony would have had no bearing upon the guilt or innocence of the defendant. In the indictment appellant was charged with the larceny of a horse, but no description of the horse was set forth, and it was incumbent upon him, in his affidavit for a continuance, to show in what manner such facts were material to his defense. Nothing is to be presumed in aid of an affidavit in support of a motion for a continuance. The presumption is, that where a party applies for a continuance he makes as strong a case as the facts will warrant. Another fatal objection to the sufficiency of the affidavit was, the failure of appellant to aver therein the truth of the facts, which he claimed the absent witness would substantiate, or his belief that such facts were true. 9 Cyc. 203. From the above it is apparent that the trial court did not err in overruling the motion for a continuance.

Appellant assigns as error the action of the Court below in refusing the names of a number of persons drawn from the jury box to complete the panel, who resided at points distant from the place where Court was in session. The Court acted under the provisions of section 12, chapter 116, of the Session Laws of 1905, which authorizes a judge in his discretion to return to the box the name of any person drawn to fill a vacancy, or as a talesman, who, in the opinion of the judge, resides so far from the place where the court is held as to render it inexpedient to summons such person. No showing has been made of any abuse by the judge of the discretion vested in him by the statute, and in the absence of such a showing the Appellate Court will not review the question.

Appellant complains of the refusal of the Court to give a requested instruction, and of the action of the Court in sending for the jury and further instructing the jurors as to their duty to arrive at a verdict if possible. Appellant cannot avail himself of these alleged errors, however, because he interposed no objection to the action of the court

and saved no exceptions. In the brief filed on his behalf the contention is made that exceptions were saved, but **4** that such exceptions are not shown by the record.. The Appellate Court is bound by the record, however, and will not, therefore, review the action of· the Court in giving and refusing instructions.

Finding no reversible error in the record, the judgment of the lower Court will be affirmed, and it is so ordered.

---

### ON MOTION FOR REHEARING.
### OPINION OF THE COURT.

ROBERTS, C. J.—Appellant has filed a motion for rehearing, wherein he contends that the Court overlooked a point raised in his brief, upon the former hearing of the case, viz:—that there was no proof of· brand as required by sections 67 and 107, C. L. 1897, and, therefore, no sufficient proof of ownership of the animal alleged to have been stolen. We have re-examined the record, and find that the witness, Romualdo Fresquez, testified that he saw the appellant leading or driving the horse away, and that he recognized the horse as the property of Sandoval. Other witnesses testified to the same effect, and so far as we have been able ·to find, no one of the witnesses for the State predicated his knowledge of the ownership of the animal upon the brand. It is only necessary to introduce a certified copy of the recorded brand in evidence, where the evidence of ownership depends upon the brand on the animal. Gale & Farr v. Salas, 11 N. M. 211.

For the reasons stated, the motion for rehearing will be denied, and it is so ordered.